IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARIO CESAR SILVA PINEDA; ANA CAROLINA SILVA,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES "USCIS"); Attorney General of the United States, PAM BONDI; Secretary of U.S. Department of Homeland Security Secretary, KRISTI NOEM;  Director of USCIS, JOSEPH EDLOW; Associate Director of Service Center Operations, CONNIE NOLAN,<br><br>Defendants. | CASE NO. 4:25-cv-258<br><br><br><br>COMPLAINT FOR AN ORDER TO COMPEL ADJUDICATION UNDER THE ADMINISTRATIVE PROCEDURE ACT AND WRIT OF MANDAMUS, and REQUEST FOR EXPEDITED HEARING |

## I. INTRODUCTION

1. United States Citizen, Plaintiff Mario Cesar Silva Pineda, seeks an order from this honorable Court compelling USCIS to adjudicate his I-130 Petition for Alien Relative filed on behalf of his spouse, Plaintiff Ana Carolina Silva, as beneficiary.

## II. JURISDICTION AND VENUE

1. The jurisdiction of this court is invoked pursuant to the Mandamus Act, 28 U.S.C. § 1361 (to compel an officer, employee or agency of the United States to perform a duty owed to plaintiff); 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 704 and 706, the Administrative Procedure Act (no other adequate remedy

1

and to compel agency action unlawfully withheld or unreasonably delayed); 8 U.S.C. § 1447, and 5 U.S.C. § 504, the Equal Access to Justice Act.

2.    Specifically, the Supreme Court has found that 28 USC § 1331 serves as the jurisdictional basis for federal courts "to review agency action." Califano v. Sanders, 430 U.S. 99, 105 (1977); see also Bowen v. Massachusetts, 487 U.S. 879, 891 n.16 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court has jurisdiction under 28 USC § 1331"). Courts of Appeals uniformly agree that 28 USC § 1331 is the jurisdictional basis for a suit to review agency action under the APA. See, e.g., Ana International Inc. v. Way, 393 F.3d 886, 890 (9th Cir. 2004) (finding that this rule applies in the immigration context); Yeboah v. U.S. DOJ, 345 F.3d 216, 220 (3d Cir. 2003) (SIJS visa case); Sabhari v. Reno, 197 F.3d 938, 943 (8th Cir. 1999) (immigrant visa case); Sigman Coal Co. v. Apfel, 226 F.3d 291, 301 (4th Cir. 2000); Dixie Fuel Co. v. Comm'r of Social Security, 171 F.3d 1052, 1057 (6th Cir. 1998); Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006).

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) as Plaintiff resides in the Federal District Court for the Southern District of Iowa, and a substantial part of the events or omissions giving rise to the claim occurred within the District.

## II.    PARTIES

4.    Plaintiff Mario Cesar Silva Pineda ("Mario") is a citizen of the United States residing in Perry, Iowa, in the Southern District of Iowa.

5. Plaintiff Ana Carolina Silva ("Ana") is a citizen of El Salvador and the lawful spouse of Mario, and the beneficiary of the I-130 petition filed on her behalf by Mario. Ana resides in Perry, Iowa, in the Southern District of Iowa.

6. Defendant USCIS is an agency of the United States Department of Homeland Security ("DHS"). USCIS implements procedures and promulgates rules related to and is responsible for adjudicating all applications and petitions for immigration benefits, including I-130 petitions for an alien relative.

7. Defendant Pam Bondi, Attorney General of the United States, is sued in her official capacity.

8. Defendant Kristi Noem is the Secretary of the United States Department of Homeland Security, which heads the agency responsible for implementing the Immigration and Nationality Act. Defendant Noem is sued in her official capacity.

9. Defendant Joseph Edlow, is the Director of USCIS and is responsible for approving applications for immigration benefits in the United States. Defendant Edlow is sued in his official capacity.

10. Defendant Connie Nolan is the Associate Director of Service Center Operations, which is responsible for processing and approving immediate relative I-130 petitions. Defendant Nolan is sued in her official capacity.

### III. STATEMENT OF FACTS

11. Mario is a United States Citizen, naturalized on August 31, 2022.

12. Ana is a citizen of El Salvador.

13. Mario and Ana were married in Dallas County, Iowa, on May 4, 2023.

14. On July 5, 2023, Mr. and Mrs. Silva mailed an I-130, Petition for Alien Relative, filed by Mario on behalf of Ana as the spouse of a United States Citizen.

15. Included with Plaintiffs' Petition were the appropriate monetary fees and supporting documentation required to adjudicate the Petition.

16. On July 14, 2023, USCIS received the I-130. The USCIS Nebraska Service Center issued a receipt number IOE0921402673.

17. As the spouse and immediate relative of Mario, a United States Citizen, Ana's preference classification is "201(b) INA Spouse of USC" which takes priority and preference.

18. Defendant USCIS's case status indicates no action has been taken on the Plaintiffs' petition since July 19, 2023:[1]

**Case Is Still Being Processed By USCIS**

As of July 19, 2023, your Form I-130, Petition for Alien Relative, Receipt Number IOE0921402673 is still being processed. We do not currently need anything from you but will contact you if we need additional information regarding your case. If you move, go to www.uscis.gov/addresschange to give us your new mailing address.

19. The current average processing time for 80% of I-130 applications submitted on behalf of immediate relatives is 17 months:[2]

---

[1] Check Case Status function available on USCIS's website https://egov.uscis.gov/ (last accessed July 23, 2025).
[2] Processing Times available on USCIS's website https://egov.uscis.gov/processing-times/ (last accessed July 23, 2025).



20. It has been approximately 24 months since the I-130 petition was submitted to Defendant USCIS.

21. It has been approximately 24 months and Defendant USCIS has failed to take any action on Plaintiffs' application, despite having all the required information and documentation to do so.

22. These delays and inactions are unreasonable.

23. There is no reasonable justification for these delays and inactions.

24. Defendant USCIS' failure to promptly adjudicate the Plaintiffs' I-130 Petition constitutes an unreasonable delay that requires relief.

### V.   CLAIMS FOR RELIEF

**COUNT 1: ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §§ 551, 555(b), 702, 706 *et. seq*.) in conjunction with THE MANDAMUS ACT (28 U.S.C. § 1361)**

25. Plaintiffs incorporate all previous paragraphs of this Complaint by reference.

26. 5 U.S.C. § 706 states:

Scope of review - To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall…(2) hold unlawful and set aside agency action, findings, and conclusions found to be-

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

27. USCIS is a federal agency under DHS.

28. USCIS has failed to adjudicate the Plaintiffs' applications without unreasonable delay.

29. The unreasonable delay in adjudicating Plaintiffs' application had resulted in Plaintiffs being stuck in limbo and has caused an extreme hardship on Plaintiffs.

30. USCIS is required to decide the application by Plaintiffs within a reasonable time.

31. USCIS' delay in deciding Plaintiffs' applications impacts human health and welfare, not merely economic interests, and are being denied the opportunity to obtain lawful status in the United States and to plan for Plaintiffs' futures.

32. Plaintiffs have no alternative remedy available.

33. Plaintiffs have and continue to suffer irreparable harm from Defendants' delay in adjudicating their applications.

34. Plaintiffs, therefore, request this honorable Court order USCIS to adjudicate their I-130 applications.

**WHEREFORE,** the Plaintiffs respectfully request that this Honorable Court assume jurisdiction over this matter, set the matter for an expedited hearing, and order USCIS to adjudicate their applications or compel Defendants to act and perform their duties. Plaintiffs further request that this Honorable Court award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act and grant any and all further relief this Court deems just and equitable under the circumstances.

**PARRISH KRUIDENIER LLP**

BY: */s/ Benjamin D. Bergmann*
Benjamin D. Bergmann        AT0009469
BY: */s/ Carly R. Scott*
Carly R. Scott              AT0015326
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
(515) 284-1704 (Fax)
bbergmann@parrishlaw.com
cscott@parrishlaw.com
**ATTORNEYS FOR PLAINTIFFS**